IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:19-ct-03105-BO

| | | |
|---|---|---|
| RONALD MCCLARY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| RODERICK WATSON, | ) | |
| | ) | |
| Defendant. | ) | |

On April 16, 2019, Ronald McClary ("plaintiff"), a state inmate proceeding pro se, filed this complaint under 42 U.S.C. § 1983 alleging violations of his Eighth Amendment rights. See Compl. [D.E. 1]. On December 16, 2019, the court conducted its initial review and dismissed the complaint for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1). Order [D.E. 10]. On December 23, 2019, the court docketed plaintiff's self-styled "motion for leave." See Mot. [D.E. 13].[1]

Plaintiff's "motion for leave" seeks to "introduce . . . evidence that defendant Watson engaged in widespread corruption and supervisor liability by participating in the misconduct violation of plaintiff rights and others [sic]." [D.E. 13] at 1. Plaintiff specifically asserts: he observed three officers assault another inmate; these officers lied in their statements; and plaintiff approached defendant Watson seeking to make a statement about the incident, but defendant Watson

---

[1] The court construes the "motion for leave," [D.E. 13], as a motion for reconsideration of the court's prior order dismissing the action. See United States v. Winestock, 340 F.3d 200, 203 (4th Cir. 2003) (noting courts should "classify pro se pleadings from prisoners according to their contents, without regard to their captions."). Although plaintiff's notice of appeal also was docketed on December 23, 2019, the later-docketed "motion for leave," was both signed and post-marked one day earlier than the notice of appeal. Compare [D.E. 12] at 2, and [D.E. 12-1], with Mot. [D.E. 13] at 2, and Mot. Attach. [D.E. 13-2] at 1. Thus, the court retains jurisdiction over this motion. See Fed. R. App. P. 4(a)(4)(B)(i) (establishing a notice of appeal filed after judgment is entered but before the court rules on a motion for reconsideration "becomes effective . . . when the order disposing of the last such remaining motion is entered.").

"destroyed the video" and "approved of the investigation filings knowing it was false." Id. at 1–2. Plaintiff asserts that these purported incidents of misconduct by Watson are offered to "show [that his] claim is not frivolous but some of a wide-spread corruption by Watson [sic]." Id. at 2. Plaintiff attaches various documents as to the injury of the other inmate. See [D.E. 13-1] at 1–8.

The decision to alter or amend a judgment pursuant to Federal Rule of Civil Procedure 59(e) is within the sound discretion of the court. See Dennis v. Columbia Colleton Med. Ctr., Inc., 290 F.3d 639, 653 (4th Cir. 2002). This circuit recognizes three reasons for granting a Rule 59(e) motion to alter or amend a judgment: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available [previously]; or (3) to correct a clear error of law or prevent manifest injustice." Zinkand v. Brown, 478 F.3d 634, 637 (4th Cir. 2007) (quotations omitted).

Here, plaintiff's motion for reconsideration merely addresses the defendant's purported misconduct in a wholly unrelated matter. Because plaintiff does not cite to any change in controlling law, present newly discovered evidence relevant to the instant action, identify any clear error in the court's previous orders, or show that the result was manifestly unjust, plaintiff is not entitled to relief under Rule 59(e). See Zinkand, 478 F.3d at 637; see also Exxon Shipping Co. v. Baker, 554 U.S. 471, 486 n.5 (2008) ("Rule 59(e) permits a court to alter or amend a judgment, but it may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." (citation and quotation marks omitted)).

To the extent plaintiff instead seeks relief under Federal Rule of Civil Procedure 60(b), this rule "authorizes a district court to grant relief from a final judgment for five enumerated reasons or for any other reason that justifies relief." Aikens v. Ingram, 652 F.3d 496, 500 (4th Cir. 2011) (en banc) (quotation omitted). Under Rule 60(b), a movant first must demonstrate that his motion is

2

timely, that he has a meritorious claim or defense, that the opposing party will not suffer unfair prejudice from setting aside the judgment, and that exceptional circumstances warrant the relief. See Robinson v. Wix Filtration Corp. LLC, 599 F.3d 403, 412 n.12 (4th Cir. 2010). If a movant satisfies these threshold conditions, he must then "satisfy one of the six enumerated grounds for relief under Rule 60(b)." Nat'l Credit Union Admin. Bd. v. Gray, 1 F.3d 262, 266 (4th Cir. 1993).

Here, because plaintiff's motion for reconsideration fails to raise a "meritorious claim or defense," or otherwise demonstrate that "exceptional circumstances warrant the relief," plaintiff fails to meet the threshold requirements under Rule 60(b). See Robinson, 599 F.3d at 412 n.12. Thus, after reviewing plaintiff's motion for reconsideration under the governing standards, the court finds that plaintiff fails to establish grounds for relief under either Rule 59(e) or Rule 60(b).

Accordingly, the court DENIES plaintiff's motion for reconsideration [D.E. 13].

SO ORDERED. This ___ day of January 2020.

TERRENCE W. BOYLE
Chief United States District Judge

3